[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 387.]

ALLEN COUNTY BAR ASSOCIATION *V.* SABOL.

[Cite as *Allen Cty. Bar Assn. v. Sabol*, 1997-Ohio-141.]

*Attorneys at law—Misconduct—Public reprimand—Failing to seek lawful objectives of a client—Failing to carry out contract of employment.*

(No. 97-807—Submitted June 11, 1997—Decided September 24, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-27.

_____

{¶ 1} On April 15, 1996, relator, Allen County Bar Association, filed a complaint alleging that respondent, John A. Sabol of Lima, Ohio, Attorney Registration No. 0019637, violated several Disciplinary Rules by dismissing a personal injury case with prejudice. After respondent filed his answer and the parties filed agreed stipulations and exhibits, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found the following facts.

{¶ 2} Respondent agreed to represent Kathy Thompson and her minor daughter, Bri Thompson ("Thompsons"), in a personal injury case arising out of an automobile accident which occurred on October 4, 1989, for a contingent fee of one third of the recovery.

{¶ 3} On October 3, 1991, respondent filed a complaint in common pleas court for Kathy Thompson and Bri Thompson based upon the accident. On March 16, 1992, he dismissed the complaint without prejudice and notified the Thompsons that he was doing so because their treating physician had declined to cooperate. At that time respondent also notified the Thompsons that they had one year from the date of the dismissal to refile the case or lose their rights against the defendant.

**{¶ 4}** Respondent asserts that the Thompsons agreed to place $2,000 in trust for the purpose of paying the costs of litigation, including taking depositions, but the Thompsons never delivered this money to respondent.

**{¶ 5}** On March 15, 1993, to protect the statutory rights of Kathy and Bri Thompson, respondent refiled the personal injury complaint within one year of the previous dismissal, and once again requested that the Thompsons either place $2,000 in trust for expenses or find another attorney. On January 14, 1994 respondent dismissed the complaint because (1) Kathy Thompson and her husband, John, had filed for bankruptcy and any recovery over the $5,000 exemption claimed for the personal injury case would have to be "reported" to their trustee, and (2) the Thompsons refused to place $2,000 in escrow for litigation expenses as respondent had requested and also refused to find other counsel. Respondent alleged that he had informed the Thompsons that if the money were not placed in trust, their case would be dismissed.

**{¶ 6}** The panel concluded that respondent violated DR 7-101(A)(1) (failing to seek the lawful objectives of a client) and 7-101(A)(2) (failing to carry out a contract of employment) because he inappropriately dismissed Kathy Thompson's personal injury case with prejudice and Bri Thompson's case without prejudice. The panel suggested that an appropriate alternative would have been to notify the trial court of the problem and to move to withdraw as counsel of record. The panel recommended that respondent receive a public reprimand in view of respondent's lack of previous disciplinary problems, his reputation as competent counsel, and the fact that Bri Thompson released him from any claims she might have as a result of the dismissal. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jerry M. Johnson* and *James E. Meredith,* for relator.

*John A. Sabol, pro se.*

---

*Per Curiam*.

{¶ 7} As a result of an automobile accident on October 4, 1989, Kathy and Bri Thompson engaged respondent to represent them in pursuing their personal injury claims. On June 6, 1990, Kathy Thompson filed a bankruptcy petition and consequently her interest in her personal injury claim was limited to her claimed exemption. Despite the limitation on Kathy Thompson's recovery and despite the fact that the Thompsons failed to advance the requested costs and expenses, once having filed the case, respondent should not have taken unilateral action to dismiss it. Instead, respondent should have asked the trial court for permission to withdraw as counsel. We therefore adopt the findings, conclusions, and recommendations of the board, and respondent is hereby publicly reprimanded.

{¶ 8} Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---